# UNITED STATES DISTRICT COURT EASTERN DISTRICT OF KENTUCKY NORTHERN DIVISION AT COVINGTON
## CASE NO.

**FRANKIE TORRES and CECIL JONES**                                     PLAINTIFFS

**v.**

**CITY OF COVINGTON; Colonel Brian Valenti; Doug ULLRICH; and DOES 1-50 individually and in official capacities as police officers for the City Covington inclusive**.                                                        **DEFENDANTS**

---

### COMPLAINT FOR VIOLATION OF TITLE 42 USC § 1983, *MONELL* CLAIM, VIOLATION OF KENTUCKY STATUTES, VIOLATION OF COMMON LAW TORTS, AND DAMAGES

### JURY TRIAL DEMANDED

---

### INTRODUCTION

1. Rampant violations of excessive use of force and concerns of prejudicial conduct are recurring problems stemming from officers serving with the Covington Police Department, which is deeply affecting the efficiency of the Covington Police Department and threatening the protection of Constitutional Rights for the citizens of Covington, Kentucky.

2. On March 14th, 2025, FRANKIE and CECIL were returning home from the funeral of CECIL's grandmother when they were pulled over by Officer ULLRICH of the Covington Police Department for an alleged illegal window tint.

3. Without any reasonable suspicion of criminal activity, Officer ULLRICH escalated the stop by immediately demanding FRANKIE Torres, who is pregnant, to exit the vehicle. She was then subjected to an unlawful and invasive search in violation of her constitutional rights.

4. Following this, Cecil Jones was ordered out of the vehicle and also subjected to an illegal search, after CECIL refused a vehicle search. Officer ULLRICH then proceeded to search the vehicle without a warrant, probable cause, or consent.

5. At no point during the stop were CECIL or FRANKIE issued a citation or charged with any offense. Officer ULLRICH later after the search, attempted to justify the search by claiming to smell marijuana, a claim that was not supported by any physical evidence and is a poly used by him all too often to effectuate illegal searches.

6. Throughout the encounter, both Plaintiffs remained calm and cooperative, yet were met with unjustified aggression, physical intrusion, and an egregious abuse of police power.

7. These events, captured on body-worn camera footage and other discoverable materials, provide clear evidence that Plaintiffs' Fourth and Fourteenth Amendment rights were violated as a result of the actions of Officer ULLRICH and the policies, practices, or lack of oversight by the Covington Police Department.

8. The facts of this case are not isolated. They show a larger problem of not holding officers accountable or making sure they follow the law within the Covington Police Department, which has repeatedly failed to train, supervise, or discipline its officers in a manner consistent with constitutional mandates.

## **JURISDICTION**

9. This action arises under Title 42 of the United States Code, Section 1983. Title 28 of the United States Code, Sections 1331 and 1343 confers jurisdiction upon this Court. The unlawful acts and practices alleged herein occurred in Covington, Kentucky, which is within this judicial district. Title 28 of the United States Code Section 1391(b) confers venue upon this Court.

## **PARTIES**

10. Plaintiff FRANKIE TORRES (hereinafter referred to as "FRANKIE") is and at all times herein mentioned is a citizen of the United States and a local resident.

11. Plaintiff CECIL JONES (hereinafter referred to as "CECIL") is and at all times herein mentioned is a citizen of the United States and a local resident.

12. Defendant CITY OF COVINGTON (hereinafter referred to as "CITY") is and all times mentioned herein a municipal corporation, duly authorized to operate under the laws of the Commonwealth of Kentucky. Under its supervision, the CITY operates the Covington Police Department. The Covington Police Department employs police officers and is responsible for the actions of its employees. PLAINTIFF believes that the CITY is legally responsible and liable for the incident, injuries and damages herein set forth. The CITY proximately caused injuries and damages because of the intentional and/or negligent actions of one or more of its employees, it breached its duty to PLAINTIFF to provide safety and security for the public, violated public policy when its employees used excessive force against PLAINTIFF. The COUNTY is liable for the actions of its employees, through vicarious or imputed liability and *Respondeat Superior*

13. Defendant OFFICER D. ULLRICH (hereinafter referred to as "ULLRICH ") is and all times mentioned herein is an adult and at all times herein mentioned is a citizen of the United States and a resident of Kentucky. ULLRICH was employed as a full-time employee of the CITY as a police officer. At all relevant times ULLRICH was under an oath as a law enforcement officer to serve the community; to safeguard lives and property; to protect the innocent against deception, the weak against oppression or intimidation and the peaceful against violence or disorder; and to respect the constitutional rights of all to liberty, equality, and justice.

14. DEFENDANT COLONEL BRIAN VALENTI (hereinafter referred to as "VALENTI") is and all times mentioned herein is an adult and at all times herein mentioned is a citizen of the United States and a resident of Kentucky. VALENTI was employed as a full-time employee of the CITY as a police officer. At all relevant times VALENTI was under an oath as the chief of police to serve the community; to safeguard lives and property; to protect the innocent against deception, the weak against oppression or intimidation and the peaceful against violence or disorder; and to respect the constitutional rights of all to liberty, equality, and

justice.

15. PLAINTIFF is ignorant of the true names and/or capacities of defendants sued herein as DOES 1 through 50, inclusive, and therefore sue said defendants by such fictitious names. PLAINTIFF will amend this complaint to allege their true names and capacities when ascertained. PLAINTIFF believes and alleges that each defendant is legally responsible and liable for the incident, injuries and damages herein set forth. Each defendant proximately caused injuries and damages because of his/her intentional and/or negligent actions, breach of duty, violation of public policy and/or use of excessive force. Each defendant is liable for his/her personal conduct, vicarious or imputed negligence, fault, breach of duty, whether severally or jointly, or whether based upon agency, employment, ownership, entrustment, custody, care or control upon any other act of omission. PLAINTIFF will ask for leave to amend his complaint subject to further discovery. In engaging in the conduct alleged herein, defendant police officers acted under the color of law and in the course and scope of their employment with the CITY. In engaging in the conduct described herein, Defendant officers exceeded the authority vested in them as police officers, under the United States and Kentucky Constitutions, and as employees of the CITY.

**STATEMENT OF FACTS**

16. FRANKIE and CECIL are a couple who live in Northern Kentucky and are pregnant with child.

17. They are hardworking and dedicated law-abiding citizens who have a great reputation in the community.

18. On or about March 14th, 2025, at approximately 8:20 p.m., FRANKIE and CECIL were driving to CECIL's mother house after attending a funeral for CECIL's grandmother when they were unexpectedly pulled over by Officer ULLRICH of the Covington Police Department.

19. Officer ULLRICH exited his patrol vehicle and approached the passenger side of the car where FRANKIE was seated. Without offering any explanation for the traffic stop, he immediately ordered FRANKIE—who was pregnant at the time—to exit the vehicle. FRANKIE complied. Officer ULLRICH

then conducted a search of her person without any legal justification or consent.

20. Following the search of FRANKIE, Officer ULLRICH proceeded to the driver's side and instructed CECIL to exit the vehicle. CECIL also complied and made clear that he did not consent to any searches or seizures. Despite this, Officer ULLRICH conducted a search of CECIL as well.

21. Only after these searches were completed did Officer ULLRICH claim the basis for the stop was an allegedly illegal window tint. However, at no time did he use any equipment to measure the tint or otherwise verify its illegality.

22. Roughly three minutes into the stop, Officer ULLRICH opened the driver's side door of the vehicle and removed CECIL's legally registered firearm without permission. He ran the firearm's serial number, after which it was confirmed to be lawful and properly registered.

23. Officer ULLRICH then returned to the vehicle and asked CECIL, "Is there any marijuana still in your car?" This question was posed despite there being no visible or olfactory evidence of marijuana, and despite CECIL never making any such admission.

24. When asked how long ago they had allegedly smoked marijuana, CECIL clearly stated that neither he nor FRANKIE uses marijuana. Officer ULLRICH then brought up an unrelated incident from June 2024 involving marijuana, to which CECIL responded that the vehicle in question was not his.

25. Nonetheless, Officer ULLRICH proceeded to conduct a search of the vehicle—again without consent—for approximately three minutes. The search revealed no contraband or evidence of any unlawful activity.

26. After completing the search, Officer ULLRICH returned CECIL's firearm to the vehicle. Despite both FRANKIE and CECIL being fully cooperative throughout the encounter, Officer ULLRICH stated, "Next time, follow instructions," and released them from the stop without issuing any citation or formal warning.

27. ULLRICH has a long history of wrongfully accusing citizens of being intoxicated or smelling like marijuana as a means of initiating unconstitutional searches.

28. The CITY and VALENTI were aware of ULLRICH's long history of such conduct and failed to take any corrective action.

29. The CITY and VALENTI have allowed ULLRICH and other officers to act with impunity and have failed to properly train or supervise their officers in accordance with established policies.

30. CITY has multiple policies that require lawful procedures prior to search but CITY allows officers to act without reprimand when using searching vehicles.

## DAMAGES

31. PLAINTIFFs were mentally, and emotionally injured as a direct and proximate result of the attack on his person, including but not limited to physical injuries and emotional damage resulting in a fear of government officials and post-traumatic stress related illnesses as a consequence of Defendants violations of his federal civil rights under 42 U.S.C. §1983 and the Fourth and Fourteenth Amendments.

32. PLAINTIFF is entitled to recover damages pursuant to the pain and suffering he endured as a result of his civil rights being violated and the tortious acts by defendant's, inclusive.

33. PLAINTIFF found it necessary to engage the services of private counsel to vindicate his rights under the law. PLAINTIFF is therefore entitled to an award of attorney's fees and/or costs pursuant to statute(s) in the event that they are the prevailing party in this action under 42 U.S.C. §§§§ 1983, 1985-86 and 1988.

## FIRST CAUSE OF ACTION

### (Monell Claim: 42 U.S.C. § 1983)
### (PLAINTIFFS v. CITY OF COVINGTON)

34. PLAINTIFFS re-allege and incorporate by reference paragraphs 1–33 of this Complaint.

35. The CITY had a duty to adequately train, supervise, and discipline its officers in order to protect members of the public, including PLAINTIFFS, from being unlawfully searched and harmed by

police officers unnecessarily.

36. The CITY was deliberately indifferent to such duties and thereby proximately caused injury to PLAINTIFFS as complained herein.

37. In addition, the public inaction by the department has created an atmosphere in which officers believe they may act with impunity when engaging in unlawful conduct, as the CITY itself seems uninterested in complying with CITY policies and procedures.

WHEREFORE, PLAINTIFFS pray for relief as hereinafter set forth.

## SECOND CAUSE OF ACTION

### (Battery)
### (PLAINTIFFS v. CITY OF COVINGTON; Colonel Brian Valenti; Doug ULLRICH; and DOES 1–50)

38. PLAINTIFFS re-allege and incorporate by reference paragraphs 1–37 of this Complaint.

39. This action is brought pursuant to common law torts. As public employees, ULLRICH and DOES 1–50 are liable for injuries caused by their acts or omissions to the same extent as a private person. At all times mentioned herein, ULLRICH and DOES 1–50 were acting within the course and scope of their employment and/or agency with the CITY. As such, Defendants CITY and VALENTI are liable in respondeat superior for the injuries caused by the acts and omissions of ULLRICH and DOES 1–50.

40. CITY, VALENTI, ULLRICH, and DOES 1–50 perpetrated an intentional, vicious physical attack on PLAINTIFFS, and repeatedly battered them by forcefully grabbing and touching them without consent.

41. Defendants had the requisite intent to make physical contact and inflict pain and suffering on PLAINTIFFS.

42. PLAINTIFFS have a right to be free from unwanted or unwarranted contact with their persons, and this right was violated by Defendants' actions and omissions.

WHEREFORE, PLAINTIFFS pray for relief as hereinafter set forth.

## THIRD CAUSE OF ACTION

### (Assault)
**(PLAINTIFFS v. CITY OF COVINGTON; Colonel Brian Valenti; Doug ULLRICH; and DOES 1–50)**

43. PLAINTIFFS re-allege and incorporate by reference paragraphs 1–42 of this Complaint.

44. This action is brought pursuant to common law torts. ULLRICH and DOES 1–50 are liable for injuries caused by their acts or omissions to the same extent as a private person. At all times mentioned herein, ULLRICH and DOES 1–50 were acting within the course and scope of their employment and/or agency with the CITY. As such, Defendants CITY and VALENTI are liable in respondeat superior.

45. ULLRICH and DOES 1–50 caused PLAINTIFFS to fear that they were going to be severely harmed by grabbing and detaining them without lawful cause.

46. Defendants' conduct was neither privileged nor justified under statute or common law.

47. As a result, PLAINTIFFS were placed in great apprehension of imminent harmful and offensive contact with their persons.

48. PLAINTIFFS did not consent to any of the acts by Defendants.

49. As a direct and proximate result, PLAINTIFFS suffered severe emotional distress, humiliation, embarrassment, anxiety, and economic harm.

**WHEREFORE, PLAINTIFFS pray for relief as hereinafter set forth.**

## FOURTH CAUSE OF ACTION

### (Intentional Infliction of Emotional Distress)
**(PLAINTIFFS v. CITY OF COVINGTON; Colonel Brian Valenti; Doug ULLRICH; and DOES 1–50)**

50. PLAINTIFFS re-allege and incorporate by reference paragraphs 1–49 of this Complaint.

51. As public employees, ULLRICH and DOES 1–50 are liable for injuries caused by their acts or omissions to the same extent as a private person. At all times mentioned herein, ULLRICH and DOES 1–50 were acting within the course and scope of their employment and/or agency with the CITY. As

such, CITY and VALENTI are liable in respondeat superior.

52. ULLRICH and DOES 1–50 perpetrated outrageous and extreme conduct toward PLAINTIFFS by unlawfully detaining, searching, and threatening them without lawful justification.

53. Defendants' conduct was intentional, reckless, and carried out with the purpose of inflicting emotional distress on PLAINTIFFS.

54. As a direct and proximate result, PLAINTIFFS suffered severe emotional distress, humiliation, embarrassment, and mental anguish.

WHEREFORE, PLAINTIFFS pray for relief as hereinafter set forth.

### FIFTH CAUSE OF ACTION

**(Negligence)**
**(PLAINTIFFS v. CITY OF COVINGTON; Colonel Brian Valenti; Doug ULLRICH; and DOES 1–50)**

55. PLAINTIFFS re-allege and incorporate by reference paragraphs 1–54 of this Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, or oppressive conduct by Defendants, and any and all allegations requesting punitive damages.

56. In the alternative, PLAINTIFFS allege Defendants' negligent actions and/or negligent failures to act within the scope and course of their employment with the CITY proximately caused injuries to PLAINTIFFS.

57. As an actual and proximate result of Defendants' negligence, PLAINTIFFS sustained damages including emotional distress, humiliation, and pecuniary loss.

WHEREFORE, PLAINTIFFS pray for relief as hereinafter set forth.

### SIXTH CAUSE OF ACTION

**(Negligent Hiring, Retention, Training, Supervision and Discipline)**
**(PLAINTIFFS v. CITY OF COVINGTON)**

58. PLAINTIFFS re-allege and incorporate by reference paragraphs 1–57 of this Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, or oppressive conduct by Defendants, and any and all allegations requesting punitive damages.

59. CITY failed to properly hire, retain, train, supervise, and discipline ULLRICH and DOES 1–50, despite knowledge of prior misconduct, which was a substantial factor in causing the constitutional violations and harm suffered by PLAINTIFFS.

WHEREFORE, PLAINTIFFS pray for relief as hereinafter set forth.

## SEVENTH CAUSE OF ACTION

**(Supervisor Liability – 42 U.S.C. § 1983)**
**(PLAINTIFFS v. Colonel Brian Valenti)**

60. PLAINTIFFS re-allege and incorporate by reference paragraphs 1–59 of this Complaint.

61. VALENTI, as Chief of Police for the CITY, had supervisory authority over ULLRICH and DOES 1–50 and was responsible for hiring, training, discipline, and oversight of officers.

62. VALENTI was deliberately indifferent to the constitutional rights of PLAINTIFFS by failing to supervise or discipline officers despite knowledge of misconduct, and by permitting unlawful searches and seizures to continue unchecked.

63. VALENTI's actions and omissions were a moving force behind the violations of PLAINTIFFS' constitutional rights.

WHEREFORE, PLAINTIFFS pray for relief as hereinafter set forth.

## EIGHTH CAUSE OF ACTION

**(Illegal Search in Violation of the Fourth and Fourteenth Amendments – 42 U.S.C. § 1983)**
**(PLAINTIFFS v. CITY OF COVINGTON; Colonel Brian Valenti; Doug ULLRICH; and DOES 1–50)**

64. PLAINTIFFS re-allege and incorporate by reference paragraphs 1–63 of this Complaint.

65. On or about March 14, 2025, PLAINTIFFS were lawfully operating their vehicle in Covington, Kentucky, when they were stopped by Defendant ULLRICH, along with DOES 1–50.

66. Without probable cause, reasonable suspicion, or lawful justification, ULLRICH ordered Plaintiff FRANKIE—who was pregnant at the time—out of the vehicle and conducted a search of her person without consent.

67. ULLRICH then ordered Plaintiff CECIL to exit the vehicle and, despite his explicit refusal to consent, conducted a search of his person.

68. ULLRICH subsequently opened the vehicle door, removed CECIL's legally registered firearm without permission, and unlawfully conducted a warrantless search of the vehicle absent consent, probable cause, or exigent circumstances.

69. The searches of PLAINTIFFS and their vehicle were unreasonable, invasive, and in direct violation of the Fourth and Fourteenth Amendments.

70. Defendants CITY and VALENTI are liable under § 1983 because they maintained policies, practices, and customs that permitted unlawful searches, failed to properly train and supervise officers, and allowed Defendant ULLRICH's unconstitutional conduct to continue unchecked.

71. As a direct and proximate result of Defendants' conduct, PLAINTIFFS suffered loss of privacy, humiliation, emotional distress, fear, and other damages.

WHEREFORE, PLAINTIFFS pray for relief as hereinafter set forth.

## **JURY DEMAND**

72. **PLAINTIFFS hereby demands a jury trial**.

## **PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFFS prays for relief, as follows:

For general damages in a sum according to proof;

For special damages, including but not limited to, past, present and/or future wage loss, medical expenses and other special damages to be determined according to proof;

For punitive and exemplary damages against each defendant in a sum according to proof;

Any and all permissible statutory damages;

For costs of suit and reasonable attorney's fees pursuant to 42 U.S.C. § 1988 and U.S.C. § 794(a);

For all other relief to which the Court deems just and proper.

**Dated: August 20, 2025**

Jamir Davis, Esq.
J. Davis Law Firm, PLLC
328 Scott Street
Covington, KY 41011
(859) 750-5033
jdavis@jdaviscounsel.com
www.jdaviscounsel.com
*Attorney for Plaintiffs*